CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 19 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BERNARD BROWN,
    Plaintiff,

Civil Action No. 7:09-cv-00038

v.

**MEMORANDUM OPINION**

DEBORAH MCKNIGHT, <u>ET</u> <u>AL</u>.,
    Defendants.

By: Hon. Glen E. Conrad
United States District Judge

Plaintiff Bernard Brown, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Brown alleges that prison officials at Red Onion State Prison ("Red Onion") should compensate him for serving him cake that contained a steel ball bearing and for denying him prompt dental care for the broken tooth he suffered while chewing that food.[1] Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[2]

## Background

Brown alleges the following sequence of events from which his claims arise. On March 14, 2007, during the lunch meal, officers served Brown a piece of cake. When he bit down on it, his Number 18 tooth on the top side of his jaw struck a round steel ball inside the cake. The tooth broke off down to the gum line. A supervisory officer took the tray, retrieved the object, and said it looked like a ball bearing.[3]

---

[1] As defendants, Brown names Deborah McKnight, whom he identifies as the Food Service Director, and Vicky Phipps, Head Nurse. Brown previously filed a § 1983 complaint raising the same claims, Case No. 7:08CV00597, which was dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[3] In his grievances about this incident, Brown says that the object appeared to be a shot gun pellet.

1

Brown points out that inmates do not have access to ball bearings. He asserts that food service personnel prepared and served the meal containing the foreign object, so they should be liable for his injury. Brown submits documentation indicating that he had filed grievances in May and November 2006, complaining that food at Red Onion is served in an unsanitary and unsafe manner with no covering over the dishes while the trays are carried on carts some distance between the kitchen and the different housing units. He claims this procedure allows "insects, dust, dirt, [lint], hair, [and air born] germs" to fall or blow onto the food items.[4]

Immediately after the incident, the supervisory official called the medical department and informed them that Brown needed to be seen. Less than an hour later, Brown filed an emergency grievance, stating that he had a toothache and needed something for pain. A nurse responded, stating that his situation was not an emergency and that he was on the list to see the dentist. Security officers called the medical unit about Brown's tooth pain two more times on March 14 and were told that a nurse would see him when she came to pass out medications. However, the nurses on pill pass would not see Brown; they told him no one had informed them that he needed to be seen.[5] On March 18, Brown filed another emergency grievance and an inmate request for information, stating that his tooth and jaw were causing him pain. To both submissions, a nurse responded that it was not an emergency and he was on the list to see the dentist. In response to Brown's March 22, 2007 emergency grievance, the nurse responded that he had been scheduled to see the dentist and would get some pain medication. An emergency grievance dated March 28 states that Brown received Tylenol for three days, beginning on March 23, but still had not seen the dentist, who came to the

---

[4] A note on one of Brown's grievance forms, submitted as an exhibit in this case, states that on April 24, 2007 (after Brown's injury), another inmate found a steal ball in the beans of his Common Fare Diet dinner.

[5] In Brown's complaint in Case No. 7:08CV00597, Brown stated that a nurse told him to file a sick call request if he wanted to be seen by medical staff.

2

prison on March 23 to conduct dental appointments; a nurse responded that Brown had been scheduled to see the dentist.[6]

When the dentist examined Brown's broken tooth on April 2, 2007, he advised Brown that because the break was on the side, the tooth would not hold a filling. If nothing was done, the dentist advised, Brown would continue to suffer pain in the area from cold, hot, or sweet foods. The option the dentist recommended was to perform oral surgery to remove the tooth. Brown refused to have the tooth removed at that time, but later changed his mind. The surgical extraction was performed on April 30, 2007. Brown was charged for his medical care, including pain medication. On May 6, he filed an emergency grievance because he was no longer receiving pain medication; in reply, the nurse informed him that his prescription had run out.

In his § 1983 complaint, Brown alleges the following grounds for relief:

1. Food service served him a defective meal on March 14, 2007, that caused him to injure his tooth, and the negligence that allowed this defective meal to occur is imputed to the Food Service Director.

2. After being verbally informed of the problem with Brown's tooth, medical staff did not provide him any medical treatment for 19 days.[7]

3. Food is transported to the inmates' housing units on uncovered dishes, which allows foreign objects to fall into the food items.

## Discussion

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation

---

[6]Brown submits evidence that dental appointments were disrupted for some period of time because the security staff needed to escort inmates to dental appointments were pulled away to assist with the intake of new prisoners.

[7]Brown offers evidence that Vicki Phipps as Head Nurse was on duty on March 14, 2007, and asserts that she should be liable for the actions (or inactions) of her subordinates in the medical unit.

3

resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Factual allegations must be enough to raise a right to relief above the speculative level and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To state such a claim, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). To satisfy the subjective element of a conditions claim, plaintiff must show that the defendant official acted with deliberate indifference toward the risk of harm—that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew that inference, and that the official disregarded the risk by failing to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Under these principles, Brown's allegations fail to state any constitutional claim. Although Brown had previously complained about foreign particles, insects, and germs getting into the food as it was transported in uncovered dishes, he offers absolutely no evidence that a steel ball could have entered his cake by this method. By his own admission, inmates do not have access to such items. Nor does he allege facts indicating that steel objects of any kind had been found in prisoners' food before his injury or that any prison employee knew of any significant risk that such objects would be found in inmates' food. Since officials did not actually know of such a risk before Brown was injured, their failure to alleviate the risk cannot be deliberate indifference under Wilson.

4

Accordingly, Brown fails to state any constitutional claim against officials for failing to protect him from the risk of injuring himself on a foreign object in his food.

Brown also alleges that the food service officials were negligent in failing to prevent foreign objects from being placed in the food. Mere negligence is not sufficient to give rise to any constitutional claim. Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995). As plaintiff's allegations fail to state any actionable constitutional claim, the court finds that this portion of the lawsuit must be dismissed, pursuant to §1915A(b)(1).[8]

A prison official's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer, 511 U.S. at 834. A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999); Sheldon v. C/O Pezley, 49 F.3d 1312, 1316 (8th Cir. 1995). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). An inmate is not entitled to unqualified access to health care; rather, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Brown's allegations fail to state any constitutional claim related to his course of medical care associated with his broken tooth. First, even assuming for purposes of this opinion that Brown's dental problem presented a serious medical need for treatment, nothing in the file supports a finding

---

[8]To the extent that Brown seeks to raise negligence claims of any sort under state law, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c) (allowing court to refuse supplemental jurisdiction if all claims of original jurisdiction are dismissed).

that medical officials ignored his problem. In response to calls from the security officers and Brown's emergency grievances, the nurses made medical judgments that Brown's condition did not present an emergency requiring immediate attention. They took the action they judged to be reasonable in response to his problem by placing him on the list to see the dentist. The court cannot second guess these medical judgments. The dentist examined him within 19 days after the injury. This minor delay for dental treatment is no more than a private citizen might suffer, waiting for an available appointment time, particularly when nurses had judged the condition to be a nonemergency.

Second, Brown simply refused to follow normal prison procedures to request medical care, including pain medication. A nurse told Brown that he could file a sick call request if he wanted to be seen in the medical unit; yet, Brown presents no evidence that he ever followed this procedure. Instead, he filed more emergency grievances and inmate requests and asked security officers to tell medical staff to help him. His own desire for quicker treatment does not prove that officials knew that his injury warranted such treatment. The nurses could rightly expect that Brown's failure to file a sick call request indicated that he did not want such attention, which apparently incurs a charge. Brown chose not to request pain medication by the required method and so caused the delay in his receiving such relief. As Brown fails to demonstrate that any prison staff exhibited deliberate indifference to his serious medical needs,[9] the court will dismiss his § 1983 claims without prejudice, pursuant to § 1915A(b)(1). An appropriate order shall be issued this day.

---

[9] Brown's claims fail against the named defendants for another reason. He alleges that these supervisory staff members are liable for the unconstitutional and negligent acts of their subordinates, even though they had no personal knowledge of, or involvement in, the incident of which he complains. He is mistaken. An official cannot be held automatically liable for violations of plaintiff's rights through the actions of subordinate officials; the doctrine of respondeat superior is inapplicable to §1983 actions. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Rather, a supervisor may be liable under § 1983 for constitutional violations committed by subordinates only if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisor's inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir.1999). Since the court finds that no constitutional violations occurred in this case, defendants cannot be liable.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of March, 2009.

/s/ Glen Conrad
United States District Judge